IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| **ALBERT ROBERTSON, JR.** | ) | |
| | ) | |
| **Plaintiff,** | ) | Case 2:24-CV-02656-TLP-cgc |
| | ) | |
| v. | ) | |
| | ) | |
| **MEMPHIS GRIZZLIES** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Memphis Basketball, LLC ("Memphis Basketball" or "Defendant"), (incorrectly identified as Memphis Grizzlies) submits this memorandum in support of its motion to dismiss the Complaint filed by Albert Robertson, Jr. ("Plaintiff").

**INTRODUCTION**

Plaintiff fails to allege any timely viable claims against Memphis Basketball. Although the Complaint is unclear, Plaintiff appears to assert claims of race discrimination, color discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and age discrimination pursuant to the Age Discrimination in Employment Act ("ADEA"). Plaintiff claims that the alleged discriminatory conduct occurred on January 9, 2020 (when his employment was allegedly terminated following an alleged accident) and is not still being committed against him. (Compl., ¶ 7.) Plaintiff's first charge was filed on November 28, 2023 – well beyond the 300 days permitted to file a charge. Plaintiff's claims are time-barred and should

1

be dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## LAW AND ARGUMENT

### I. STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." While the factual allegations in a complaint are assumed to be true, these allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). In addition, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Twombly*, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Dismissal of a complaint for failure to state a claim streamlines litigation by "dispensing with needless discovery and fact-finding." *Neitze v. Williams*, 490 U.S. 319, 326-27 (1989). The Court must consider, not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 383 (6th Cir. 2011). However, "[t]he less stringent standard for *pro se* litigants does not compel the courts to conjure up unpled facts to support conclusory allegations...." *Sawyers v. United States*, 2005 U.S. Dist. LEXIS 30456, at *7-*8 (M.D. Tenn. Nov. 17, 2005) *citing Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## II. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE THE ALLEGED CONDUCT IS TIME-BARRED.

Plaintiff's claims are time-barred by the applicable statute of limitations. Discrimination and retaliation claims are time-barred if the alleged unlawful practice occurred more than 300 days from the date Plaintiff filed the charge. 42 U.S.C. § 2000e-5(e)(1) (Title VII charge filing timeframes for charges dual-filed with a state or local agency).

Here, Plaintiff claims the alleged discriminatory conduct occurred on January 9, 2020, when Memphis Basketball allegedly terminated his employment. (Compl., p. 3; unnumbered attachment to p. 4). Notably, Plaintiff filed his THRC charge on November 28, 2023, and he subsequently filed an EEOC charge on August 8, 2024. (Compl., p. 5). His claims are untimely because the alleged conduct occurred ***1,419 days before*** he filed his first charge. Even as to Plaintiff's rehire date in September 2021, his claims are untimely. Viewing the facts in the light most favorable to Plaintiff and using the last day in September (September 30, 2021), the relevant event occurred ***789 days before*** the first charge was filed.

Any claims are well outside the 300-day time limit. Moreover, Plaintiff's untimely filing cannot be excused under the continuing violation doctrine for it is well established that a termination (and, in this case, a rehire) is a discrete act not subject to that doctrine. *Austion v. City of Clarksville*, 244 F. App'x 639, 647-48 (6th Cir. 2007) (holding because discrete acts such as a

3

termination is a separate act for purposes of an employment discrimination claim, the continuing violation doctrine does not apply to overcome Title VII's 300-day limitations period.). Therefore, all of Plaintiff's claims are time-barred.[1]

## CONCLUSION

Memphis Basketball requests the Court dismiss Plaintiff's Complaint with prejudice because the allegations are time-barred. Memphis Basketball further requests the Court award the costs and attorneys' fees incurred in this action and any such other relief that this Court deems just and proper.

Dated: November 15, 2024.

Respectfully submitted,

/s/ Erica N. Johnson
Russell W. Jackson (TN BPR No. 27322)
Erica N. Johnson (TN BPR No. 038490)
**FORDHARRISON LLP**
1715 Aaron Brenner Drive, Suite 200
Memphis, TN  38120
Telephone: (901) 291-1500
Facsimile:   (901) 291-1501
rjackson@fordharrison.com
ejohnson@fordharrison.com

**ATTORNEYS FOR DEFENDANT**

---

[1] To the extent Plaintiff claims any alleged change to his work schedule amounts to retaliation, his claim fails. Stating that he was reporting to the EEOC an entirely different employer's employment decision not to hire him allegedly due to his failure to provide a correct hire date does not constitute protected activity. *Khalaf v. Ford Motor Co.*, 973 F.3d 469, 489 (6th Cir. 2020) ("For a plaintiff to demonstrate a qualifying 'protected activity,' he must show that he took an 'overt stand against suspected illegal discriminatory action.'"). Moreover, Plaintiff's claims are vague, and the point in which his schedule allegedly changed is unclear. *Blizzard v. Marion Tech. Coll.*, 698 F.3d 275, 288 (6th Cir. 2012) ("In other words, an employee 'may not invoke the protections of the Act by making a vague charge of discrimination.'").

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and mailed a copy to the following:

>Albert Robertson, Jr.
>3353 Kristy Road
>Memphis, TN 38118
>
>*Pro Se Plaintiff*

/s/ Erica N. Johnson